## FISH v. HAMILTON.

(Circuit Court of Appeals, Second Circuit.   December 9, 1901.)

### No. 17.

SALE—CONSTRUCTION OF CONTRACT.

Bought and sold notes, evidencing a contract for the purchase and sale of goods to be manufactured by the seller, contained a line reading: "Delivery: Dec., '98, & Jan., '99;" the word "delivery" being printed. Immediately below, and close to such line, was printed in small type the provision, "Barring fires, strikes & other unavoidable casualties." *Held*, that such provision applied only to the time of delivery, and that a strike which kept the seller's mill closed during December and January did not terminate the contract, but left the seller bound to deliver the goods within a reasonable time thereafter.

In Error to the Circuit Court of the United States for the Southern District of New York.

Before WALLACE, Circuit Judge, and TOWNSEND, District Judge.

Charles I. McBurney, for plaintiff in error.

E. N. & T. M. Taft, for defendant in error.

TOWNSEND, District Judge.   This cause comes here upon appeal from a judgment of the circuit court, Southern district of New York, entered upon a verdict directed in favor of defendant in error, who was plaintiff below.   The action was brought to recover on a contract evidenced by bought and sold notes, which, mutatis mutandis, were identical.   The following is a copy of the bought note:

New York, October 29, 1898.

Messrs. George Hamilton: We have bought for your account from Messrs. William Fish, Jr., & Co.:

500 bales King AA 300 yard brown sheetings.

20 pcs. 40 yds.

3¾c. per yard.

[10 cent revenue stamp.]

Shipping mark:

I          O

A. A.
Shanghai
1/500
Made in U. S. A.

Packing: In single wrappers.

Delivery: Dec., '98, & Jan., '99.

Barring fires, strikes, and other unavoidable casualties.

Terms: Net cash.

Remarks: If goods be shipped direct from mill a rebate of 37c. per 100 gross weight to be allowed the buyers; also 10c. per bale ctge.

Faithfully yours,                    E. D. Cordes & Co.

A strike occurred at the mill where the goods were to be made, commencing on November 21, 1898, and continuing until February 1, 1899, during which time no goods were produced from said mill. The defendant claimed that said strike, and his inability to produce the goods during said period, terminated said contract, and he refused to make any delivery thereunder.

## Memorandum.

The single question is whether the words "Barring fires, strikes, and other unavoidable casualties," affect the whole contract, or merely the time of delivery. They are printed in smaller and different type, and are inserted under and close to the line commencing with the printed word "Delivery," at a point further to the right than any other printed provision of the contract, except one, which one is manifestly intended to apply to the printed word before it. If the parties had intended that this provision might avoid the whole contract, they would naturally have inserted it after the statement of agreement for purchase, or at the bottom of the note. We concur in the opinion of the court below that the provision affects the terms of delivery only, and that the seller was bound to deliver within a reasonable time after the termination of the strike.

The judgment is affirmed.